CLARENCE M. KNOWLTON, in review,

*vs.*

JOSEPH E. DOHERTY.

Waldo.    Opinion May 7, 1895.

*Intox. Liquors. Sale. Interstate Commerce. Constitutional Law. R. S., c. 27, § 56. Act of Congress, August 8, 1890.*

Where intoxicating liquors are bought in another State, with the intention of selling them in this State in violation of law, the vendor cannot maintain an action to recover the purchase price in any of the courts of this State, by reason of R. S., c. 27, § 56. And it is immaterial whether or not such vendor knew of the illegal intention upon the part of the purchaser or in any way participated in the same.

The statute is not in violation of that clause of the Federal Constitution, which gives Congress the power to regulate commerce between the states; and was not, prior to the act of Congress, approved August 8, 1890, making interstate commerce relating to intoxicating liquors subject to the police powers of the several states.

If liquors were bought in another State, prior to the act of August 8, 1890, with intent to sell them in this State in the original packages, it would not, at that time, have been any violation of the law. But the court finds that the purchaser of these liquors, bought before August 8, 1890, did not intend to sell them in the original packages, but did intend to sell them at retail and in violation of law.

*Meservey* v. *Gray*, 55 Maine, 540, affirmed.

*McGlinchy* v. *Winchell*, 63 Maine, 31, affirmed.

ON REPORT.

The original action, in which the plaintiff in review was defendant, was assumpsit on account annexed to recover the price of intoxicating liquors, and in which action judgment by default had been rendered and a review granted on petition of the plaintiff here.

The case appears in the opinion.

*W. P. Thompson,* for plaintiff.

*R. W. Rogers,* for defendant.

The sale was a Massachusetts contract, made in Boston and completed by delivery to a common carrier. Delivery to a common carrier, when goods are to be forwarded to a buyer at a distance, is a delivery to the buyer. *Banchor* v. *Cilley,* 38 Maine, 556, 557; *Torrey* v. *Corliss,* 33 Maine, 333; *Portsmouth Brewing Co.* v. *Smith,* 155 Mass. 100; *Smith* v. *Edwards,* 156 Mass. 221; *Dame* v. *Flint,* 64 Vt. 533; *Com.* v. *Hess,* 148 Pa. State, 98; *Bacharach* v. *Chester Freight Line,* 133 Pa. State, 414; *Farmers' Phosphate Co.* v. *Gill,* 69 Md. 537; *In re Murray,* 3 B. R. 187. The contract having been made in Massachusetts, its validity is to be determined by the laws of that state, and if legal there, may be enforced here, notwithstanding our statutes. Cases, *supra.*

The contract is valid by the common law of Maine, which, in the absence of evidence, is presumed to be the law of Massachusetts. *Carpenter* v. *G. T. Ry. Co.* 72 Maine, 388. Contract is protected by § 10, Art. 1, of the Constitution of the U. S. prohibiting the states from passing laws impairing the obligation of contracts. It is not necessary to inquire what would be the effect of this constitutional inhibition upon contracts made in Massachusetts since the Wilson Bill, so-called, went into effect. This contract was made before that, and the statutes of this state certainly can not have a retroactive effect. For a like reason the transaction is protected by the interstate commerce laws of the United States in force prior to the enactment of the Wilson Bill. At the time the liquors were delivered to the carrier in Boston, August 6th, 1890, the statutes of this State prohibiting the sale of intoxicating liquors and denying the right to maintain an

action for the price of intoxicating liquors sold, so far as they related to liquors imported into this State from another and sold by the importer in the original packages, were unconstitutional and inoperative. *Leisy* v. *Hardin*, 135 U. S. 100 ; *State* v. *Burns*, 82 Maine, 558, 568 ; *McLaughlin* v. *City of South Bend*, 126 Ind. 471. And the price of liquors so imported and sold by the importer could be recovered. *Leisy* v. *Hardin, supra* ; *Wasserboehr* v. *Boulier*, 84 Maine, 165 ; *Carstairs* v. *O'Donnell*, 154 Mass. 357 ; *Durkee* v. *Moses* (N. H.), 23 Atl. Repr. 793 ; *Yearteau* v. *Bacon's Estate*, 65 Vt. 516.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. This case comes to the law court upon report, the court to render such judgment as the legal rights of the parties may require. The plaintiff in the original action recovered judgment upon default for $382.37 debt and costs. The action was upon an account annexed amounting to $330.38, for intoxicating liquors sold by the original plaintiff to the defendant, and three dollars for packing.

The plaintiff in review relies upon R. S., c. 27, § 56, which, so far as it is material, is as follows : " No action shall be maintained upon any claim or demand, promissory note, or other security contracted or given for intoxicating liquors sold in violation of this chapter, or for any such liquors purchased out of the State with intention to sell the same or any part thereof in violation thereof."

In answer to which the defendant in review says that the sale of intoxicating liquors was not made in this State, and that consequently the statute does not apply. It may be conceded that the sale was made in Massachusetts. An agent of the vendor took the purchaser's order in Belfast, but there was no payment, no memorandum in writing, and the order was filled in Boston, where the liquors were separated from the general stock, packed, marked and delivered to a steamboat company, in accordance with the purchaser's instructions, directed to him.

We find from the evidence that the liquors were bought with an intention upon the part of the purchaser to sell them in this State in violation of law : and that the vendor, through his agent, had actual knowledge of such intention, but that he had no participation in the same, and did nothing, beyond the mere sale, to assist or facilitate the illegal act. The question then is presented, whether under the statutes in this State, a vendor who makes a sale of intoxicating liquors in another state, where such sale is not prohibited, under the circumstances above stated, can recover the purchase price therefor in the courts of our State.

It is a general principle of law that the validity of a contract must be tested by the law of the place where the sale is made. Were it not for the statute, which expressly forbids the maintenance of such an action, the price could be recovered, such a sale not being invalid, even if the vendor knew that the. purchaser intended to put the things sold to an illegal use, unless he participated in that intention, or. in some way, beyond the mere sale, did something to assist or facilitate the violation of law, or at least, in the language of some of the cases, made the sale with the knowledge that the thing sold was to be resold by the purchaser in another state contrary to its laws, and with *a view* to such resale. *Webster* v. *Munger*, 8 Gray, 584; *Graves* v. *Johnson*, 156 Mass. 211.

The distinction between selling a thing with the mere knowledge that it is to be resold in violation of law, and in any way aiding in such illegal act is sound and well recognized. Upon this principle were decided the cases in this State relied upon by the counsel for the defendant in review. *Torrey* v. *Corliss*, 33 Maine, 333, and *Banchor* v. *Cilley*, 38 Maine, 553. But when *Torrey* v. *Corliss*, was decided, there was no such statute as is now in force. The act of June 2, 1851, which was somewhat similar to our present statute, was passed while that action was pending, and the court expressly held that it did not apply ; and *Banchor* v. *Cilley*, was decided under the statute of 1846, which did not refer at all to sales made in other states. Some remarks made in the recent case of *Wasserboehr* v. *Boulier*, 84 Maine, 165, are also relied upon, but that case was decided upon

the ground that the sale was made in Maine and therefore illegal.

This very question was decided in *Meservey* v. *Gray*, 55 Maine, 540, in which Mr. Justice WALTON says : "It will be noticed that our present statute makes the fact that the liquors were purchased with intention of selling them in violation of law, and not the seller's knowledge of the fact, the criterion·by which to determine whether the contract will support an action in this State or not. . . . If, therefore, the sale was made in New York, and the plaintiffs had no knowledge of the illegal purpose of the defendant to sell the liquors in this State in violation of law, yet, inasmuch as the evidence satisfies us, as a matter of fact, that they were intended for such illegal sale, the plaintiffs cannot recover for them."

In *McGlinchy* v. *Winchell*, 63 Maine, 31, it is decided that it matters not that the liquors are purchased out of the State ; if purchased with intent to sell the same in violation of law within the State, an action for the price cannot be maintained. These cases are decisive of the question at issue. There is no question of their correctness. The statute is explicit, and it is one which it was entirely competent for the legislature to enact.

The further contention is made that this statute is unconstitutional, or was prior to the act of Congress, approved August 8th, 1890, making interstate commerce relating to intoxicating liquors subject to the police powers of the several states, because in violation of that clause of the Federal Constitution which gives Congress the power to regulate commerce between the states. The case of *Leisy* v. *Hardin*, 135 U. S. 100, is relied upon in support of this proposition. We think that there is no principle decided in that case which has any bearing upon the question under consideration. If the purchaser had bought the liquors with the intention of selling them in this State in the original packages, it would not, at that time, have been an intention to violate the law. *Leisy* v. *Hardin*, *supra*·; *State* v. *Burns*, 82 Maine, 558, and consequently not within the terms of the statute ; but in this case, as we have before said, we find that the liquors were bought with the intention of reselling them in this State in violation of law.

In accordance with the terms of the report, therefore, the entry should be,

> *Judgment for the plaintiff in review for the amount of the former judgment for debts and costs, with interest thereon from the time of rendition of said judgment. Costs in the review will follow.*